# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARIA RENEE LOGAN, | * |
| | * Civil Action No. CCB-20-1444 |
| v. | * |
| | * |
| ESTES ENVIRONMENTAL, INC. | * |
| | * |
| | * |

\*\*\*\*\*

## MEMORANDUM

On February 26, 2021, the defendant Estes Environmental, Inc. ("Estes") filed a motion for summary judgment in this employment discrimination case. (ECF 29). In support, Estes filed as Exhibit G a copy of a redacted legal bill which it purports is dispositive of the plaintiff Maria Renee Logan's claims. (ECF 29-8). The Clerk directed Estes to file an unredacted copy of Exhibit G. Not wanting to waive its attorney-client privilege, Estes filed a motion for leave to file Exhibit G for in camera review. (ECF 30). Logan has opposed that motion and has moved the court to, among other things, exclude Exhibit G altogether for failure to disclose it during discovery. (ECF 31). For the reasons discussed herein, the motion for in camera review will be denied, the motion to exclude Exhibit G will be denied, the motion for summary judgment will be denied without prejudice, and, if Estes seeks to rely on Exhibit G, an additional period of discovery will be allowed.

## DISCUSSION

Estes asks the court to enter an order either permitting it to submit Exhibit G for in camera inspection or taking notice that the provision of Exhibit G in unredacted form to plaintiff's counsel is not a waiver of the attorney-client privilege as to all communications with counsel in relation to Logan or this litigation. Logan argues that Exhibit G should be excluded entirely from trial, or in the alternative, that Estes' motion should be denied for failure to establish attorney client privilege.

1

## I. Exclusion of Exhibit G

Under the Federal Rules of Civil Procedure, a party must disclose to the other parties "a copy—or a description by category and location—of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Further, a party who has made a Rule 26(a) disclosure "must supplement or correct its disclosure or response in a timely manner" if the party "learns that in some material respect the disclosure is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e)(1)(A). In this case, it is clear from the posture of Estes' motion for summary judgment that it intends to rely on Exhibit G to support its defense.

If a party fails to disclose information as required under Rules 26(a) and (e), the party may not use that information "to supply evidence on a motion, at a hearing, or at trial," unless the failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The parties agree that when determining whether evidence should be excluded, the court is to consider five factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596–97 (4th Cir. 2003). Rule 37(c) does not require "a finding of bad faith or callous disregard of the discovery rules." *Id.* at 596.

In this case, the first factor weighs in favor of exclusion. The court agrees with Logan that it would come as a surprise to a party which had not received any disclosures of legal bills to see attached to a motion for summary judgment a legal bill purporting to be dispositive of the claims in the case. Estes argues that Logan could not have been surprised because (1) Logan was aware

2

that Estes was represented by counsel when she was terminated and presented with a separation agreement; (2) she knew that Estes contested that she was terminated in retaliation for requesting an accommodation; and (3) she knew that Estes was represented by Davis, Agnor, Rapaport, & Skalny, LLC at all relevant times. These arguments miss the point. It is certainly not surprising that legal bills like this might have existed; but it is surprising, given that they were never disclosed, that they apparently are highly relevant to the plaintiff's claims and the defendant's defenses.

The fifth factor also weighs in favor of exclusion. Estes' justification for not disclosing the document is not compelling. In essence, Estes contends that Logan's complaint was not clear as to the claims alleged, and that after Logan retained counsel, there was some indication that an amended complaint would be filed. Only after Logan was deposed, it contends, did the nature of her claims become clear. But the complaint clearly states Logan was asserting a retaliation claim based on her demand on January 8, 2019, "that Estes put a stop to the harassment" and on her informing Estes on January 9 "that she should not report to the Tipton office due to arm/neck pain." (ECF 1 at 11). This is the precise timeline that Estes relies upon to argue, in its summary judgment briefing, that the legal bills establish that Estes was preparing to terminate Logan prior to her engagement in any protected activity.

As to the fourth factor, the evidence contained in Exhibit G, which is purportedly dispositive, is clearly of great significance in the case. This cuts both ways: the court should not lightly exclude important evidence, but important evidence also should be disclosed to the opposing party. *See S. States*, 318 F.3d at 598–99.

Weighing against exclusion are the second and third factors. At this point, briefing on Estes' motion for summary judgment has been stayed and no trial date has yet been selected. It is therefore possible to cure the resulting surprise by preserving the stay on the summary judgment

3

briefing and by reopening discovery. With no trial date yet on the calendar, such an arrangement cannot disrupt trial other than to postpone the earliest possible start date.

In sum, though the court makes no finding of bad faith, the failure to disclose Exhibit G was not substantially justified. Still, given the ability of curative measures to remedy the surprise and prejudice resulting from the failure to disclose Exhibit G, the court finds that the failure to disclose is harmless and that it would be unduly harsh to exclude Exhibit G.

## II. Applicability of the Attorney-Client Privilege

"Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure." *Chaudry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999). In general, legal bills are not subject to this privilege. *See id.* Still, courts distinguish between privileged and discoverable information contained in attorney billing records: the identity of the client, amount of the fee, identification of payment by case file name, and the general purpose of the work performed are not protected from disclosure, but records which also reveal the motive of the client in seeking representation or litigation strategy or the specific nature of the services provided are protected from disclosure. *See id.* (citing *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127 (9th Cir. 1992)). It is also true, however, that "[a]ny disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the attorney-client privilege." *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). This is true not only as to the specific communication disclosed; when a party "reveals part of a privileged communication to gain an advantage in litigation, the party waives the attorney-client privilege as to all other communications relating to the same subject matter." *Id.* (citing *In re Sealed Case*, 676 F.2d 793, 808–09 (D.C. Cir. 1982)).

4

Here, the court is unable to determine whether Exhibit G contains merely general statements about the work performed, which likely would not be protected, or specific statements detailing the nature of the services provided, which likely would be protected. Regardless, Estes has asserted in its summary judgment briefing that it "initiated discussions with Estes's attorneys . . . regarding Logan [and] requested that they begin separation papers to terminate her employment[.]"[1] Therefore, even if Exhibit G is subject to the attorney-client privilege, the disclosure of discussions purporting to be substantiated by Exhibit G likely constitutes a waiver entitling Logan, if Exhibit G is relied upon, to discover related documents in order to obtain a more complete picture of the work performed by counsel's firm prior to her termination. This does not mean that Estes will have waived the attorney-client privilege as to all aspects of the present litigation.

## CONCLUSION

For the reasons stated herein, the motion for in camera inspection will be denied and the motion to exclude will be denied. The motion for summary judgment will be denied without prejudice. If Estes chooses not to rely on Exhibit G, it may refile its motion for summary judgment without that document. If Estes seeks to rely on Exhibit G, discovery will be reopened for the limited purpose of allowing discovery related to Exhibit G. For this purpose, Estes may file an unredacted copy of Exhibit G under seal, and also provide a copy to plaintiff's counsel. The document will remain confidential, however, until the court has the opportunity, after hearing from

---

[1] Logan also argues that, as the Second Circuit has held, "the submission of materials to a court in order to obtain summary judgment utterly precludes the assertion of attorney-client privilege." *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982). Here, though, Estes has not yet actually submitted an unredacted version of the bill. Rather, Estes has offered to submit an unredacted version of Exhibit G for in camera review to determine whether the attorney-client privilege applies.

5

both sides, to resolve any disputes about the scope of the waiver. Estes will then be permitted to refile its motion for summary judgment, supported by Exhibit G, if it so chooses.

Counsel will be contacted to schedule a conference call to discuss an appropriate amendment to the scheduling order.

____8/23/21____    ____/s/____
Date

Catherine C. Blake
United States District Judge